OPINION
This appeal is brought by Teresa J. Rill, Appellant, from a judgment of the Municipal Court of Marion County denying Rill's motion to dismiss four pending charges. Rill based her motion to dismiss on the claim that she was not brought to trial on the charges within the statutory time limits outlined in R.C. 2945.71.
On June 26, 1997, Teresa Rill was involved in a car accident. That same day, after an investigation by law enforcement, Rill was given an administrative license suspension. On August 25, 1997, Rill received a complaint and summons notifying her that she was charged with violating R.C. 4511.19(A)(1), Driving Under the Influence of Alcohol, R.C. 4507.02(B), Driving Under Suspension, and two counts of violating R.C. 2919.22, Child Endangering, based on her actions in June, 1997.[1] On September 2, 1997, Rill entered not guilty pleas to all charges and demanded a jury trial.
On October 1, 1997, Rill filed a motion to dismiss all pending charges on the basis that she was not brought to trial within the time specified by R.C. 2945.71. Rill contended that her ninety day speedy trial time commenced on the date of her alleged arrest, June 26, 1997. Since the State failed to bring her to trial by September 24, 1997, Rill claimed the charges against her must be dismissed pursuant to R.C. 2945.73(B). In overruling the motion to dismiss, the trial court found that Rill was not arrested on June 26, 1997. Rather the court found that the speedy trial time did not commence until Rill received the complaint and summon on August 25, 1997. As a result, the trial court concluded that the State had until November 24, 1997, to bring Rill to trial in compliance with the speedy trial statute.
On October 29, 1997, Rill entered no contest pleas to all charges. The trial court found Rill guilty of all charges and sentenced her accordingly.
Appellant now appeals her four convictions,[2] asserting the following assignment of error:
 The Trial Court erroneously concluded the Defendant-Appellant was not arrested following a motor vehicle accident despite the fact the arresting officer read Defendant-Appellant her Miranda rights, proceeded to interrogate her, and then advised her she was under arrest, and in so determining, the Trial Court erred in denying Defendant-Appellant's Motion to Dismiss on speedy trial grounds.
Initially, we note that Appellant included a transcript of the hearing on her motion to dismiss for our consideration of her error on appeal; however, because Appellant failed to follow the procedure set forth in Loc.R. 5(D) and App.R. 9(C), we are unable to consider the contents of the transcript when deciding Appellant's appeal. Nevertheless, we will proceed in our review of Appellant's case by gleaning what facts we can from the remaining portion of the record properly before this court.
Furthermore, although Appellant has appealed all four of her convictions the record reveals that the only charge under consideration on the evening of June 26th was a charge for driving under the influence. Appellant was notified of the other charges by certified mail which was received on August 25, 1997. Thus, the speedy trial question is not involved in those cases.
On appeal, the sole question for determination is whether or not Appellant was arrested for driving under the influence on June 26, 1997. If Appellant is correct in her assertion that she was indeed arrested on that date, then the State failed to bring her to trial on that charge within the ninety days allowed by R.C.2945.71(B)(2). However, if no arrest occurred at that time, the speedy trial time did not commence until August of 1997 and the State was timely in its prosecution.
A valid arrest is defined by four elements: "(1) [a]n intent to arrest, (2) under real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." State v.Barker (1978), 53 Ohio St.2d 135, paragraph one of the syllabus, certiorari denied, 439 U.S. 913.
In determining whether these elements have been met, we will examine the events of June 26, 1997, as described in the trial court's judgment entry overruling Appellant's motion to dismiss. On that day, Trooper Charles Jones of the Ohio State Highway Patrol arrived at the scene of an accident as paramedics were tending to injuries sustained by Appellant during the crash. Appellant was subsequently taken to Marion General Hospital for additional medical treatment. Trooper Jones proceeded to conduct an investigation at the scene and eventually spoke with Appellant at the hospital. It became apparent to the trooper that Appellant had been driving while under the influence of alcohol. The trooper read Appellant her Miranda rights and the Bureau of Motor Vehicles ("BMV") Form 2255, which informed Appellant of Ohio's implied consent law and which stated Appellant was under arrest. After being informed of her rights under the law, Appellant refused to take a blood test. While Trooper Jones at one point intended to take Appellant to jail, he did not do so because he believed that the county jail would refuse to accept custody of Appellant in her injured condition. The trooper subsequently left the hospital without issuing Appellant a summons in lieu of arrest and without placing any restrictions on her personal liberty. Although Appellant believed that she was under arrest and was not free to go, she did not hesitate to leave the hospital after the trooper had gone. Appellant said she believed that the trooper would come back at a later time and serve a ticket upon her. It was not until August 25, 1997, that Appellant was served a summons which charged her with the offenses which are the subject of this appeal.
Given these facts, we find that the evidence does not establish that Trooper Jones intended to arrest Appellant or that Appellant was ever placed under police custody, as required underBarker, supra. While Trooper Jones may have initially wanted to arrest Appellant, he changed his mind after seeing her injured condition, believing the county jail would not accept her. Moreover, we find the fact that the trooper read Appellant the BMV 2255 form, which states the person is under arrest, is not dispositive of the issue. The words "you are under arrest" do not have talismanic powers. The mere utterance of the words do not necessarily constitute an arrest. See State v. Maurer (1984),15 Ohio St.3d 239, 255. In this case, the form was merely read as a matter of routine, with none of the usual attendant circumstances of arrest present. Appellant was not taken into custody, actually or constructively. She was not brought to jail, handcuffed, or otherwise detained. After the trooper was finished speaking with Appellant, he left her on her own at the hospital. No citations were issued nor were any restrictions placed on Appellant's movements. Given the foregoing, we find the trial court did not err in finding that Appellant was not arrested on June 26, 1997. Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] Rill was also cited for a violation of R.C. 4511.29, Driving Left of Center. The record before this court does not indicate the disposition of this charge nor has Appellant raised any issue regarding this citation on appeal.
[2] Appellant's four cases have been consolidated for purposes of this appeal.